UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 10-30008-MAP |
| | ) | |
| v. | ) | |
| | ) | |
| MANI M. BATCHU, | ) | |
| | ) | |
| Defendant. | ) | |

THE GOVERNMENT'S AND THE DEFENDANT'S STATUS
REPORT PURSUANT TO LOCAL RULE 116.5(A)

The United States of America, by Carmen M. Ortiz, United States Attorney for the District of Massachusetts, through the undersigned Assistant U.S. Attorney, and Richard N. Foley, counsel for the defendant Mani M. Batchu, hereby submit the following status report pursuant to Local Rule 116.5(A) and Magistrate Judge Neiman's written orders.

1. On May 3, 2010, the defendant was arraigned on the above-captioned indictment. The defendant has been in federal custody since September 17, 2009, when he was arrested based upon a prior Complaint.

2. In the parties' initial status report, defense counsel requested that relief should be granted from the otherwise applicable timing requirements imposed by L.R. 116.3, in light of the extensive discovery provided by the government, which includes voluminous documents and at least three computer media that contain hundreds of images and videos that the government alleges depict child pornography. The government had no objection to this request.

3. On May 3, 2010, at the United States Attorney's Office, defense counsel reviewed a small percentage of alleged child pornography and other evidence. On May 14, 2010, the government provided defense counsel with automatic discovery, including 2,888 pages of records and numerous compact discs containing other voluminous material, pursuant to Fed. R. Crim. P. 16

and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts. The government provided additional discovery on May 17, 20, 25, and 27, 2010, and on June 23, 2010. On June 15, 2010, defense counsel reviewed all of the alleged child pornography recovered from the defendant's MacBook seized in Chicago, IL on June 9, 2009. The defense has informed the government that it cannot access certain files on certain of the discovery discs, and on July 7, 2010, the government received these discs from the defense so that it can examine them and provide replacement discovery. On July 8, 2010, the government provided the defense with additional materials from Nova Southeastern University and materials relating to the execution of a search warrant authorized on June 18, 2010 for the defendant's silver Casio Exilim 3.2 MP digital camera bearing serial number 1280444A.

4. On May 14, 2010, the government requested reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D), but has not yet received a response. On May 14, 2010, the government demanded, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi, but has not yet received a response. Defense counsel expects to respond upon its complete review of the government's discovery.

5. Defense counsel believes that it is premature to request discovery concerning expert witnesses under Fed. R. Crim. P. 16(a)(1)(E).

6. The government does not anticipate providing additional discovery as a result of its future receipt of information, documents, or reports of examinations or tests, except to provide the defense with replacements discs or paper copies of the files that the defense cannot access.

7. The government has completed its forensic examinations of the defendant's MacBook computer, flash drive, and camera seized in Hadley, Massachusetts on August 3, 2009, and has made

the recovered files available for review by defense counsel upon request. To the extent that the defense wishes to conduct its own forensic examination of any of the computer media, the defense will provide a hard drive to the government, which will create a duplicate mirror image of the computer media, so that the defense can conduct its own examination in a controlled setting such as an FBI regional computer forensics laboratory.

8. The parties agree that it is premature for a motion date to be established under Fed.R.Crim.P. 12(c).

9. On June 10, 2010, the Court excluded the period from May 3, 2010 to July 9, 2010 from the Speedy Trial Clock pursuant to 18 U.S.C. § 3161(h)(7)(A). (Docket Entry 34).

10. The parties jointly request a continuance for the period from July 9, 2010 to September 10, 2010, and state that this period should be excluded to permit the defense to: (a) review the voluminous discovery (including all of the computer media); (b) investigate the evidence and possible defenses; (c) develop its own discovery; (d) evaluate the need for, and to prepare, discovery requests and/or pre-trial motions; and (e) engage in plea negotiations with the government, which provide the basis for the Court to find that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. The parties jointly agree that this period constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," and that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A) and 3161(h)(7)(B)(iv).

11. The parties are unclear at present whether this case will be resolved pursuant to a trial or a change of plea. The government expects that a trial on the instant indictment will last approximately four weeks.

    12.    The parties request a Final Status Conference September 10, 2010.

                Respectfully submitted,

                CARMEN M. ORTIZ
                United States Attorney


                /s/ Steven H. Breslow
                STEVEN H. BRESLOW
                Assistant United States Attorney


                /s/ Richard N. Foley
                RICHARD N. FOLEY
                Counsel for Mani M. Batchu

Dated: June 9, 2010

CERTIFICATE OF SERVICE

Hampden,  ss.                                                   Springfield, Massachusetts
                                                                July 9, 2010

     I, Steven H. Breslow, Assistant U.S. Attorney, hereby certify that the foregoing was filed by ECF and will be sent by electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                    /s/ Steven H. Breslow
                                                  STEVEN H. BRESLOW
                                                  Assistant United States Attorney