UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MANI M. BATCHU, )<br>)<br>Defendant. ) | Criminal No. 10-30008-MAP |

THE GOVERNMENT'S AND THE DEFENDANT'S STATUS
REPORT PURSUANT TO LOCAL RULE 116.5(A)

The United States of America, by Carmen M. Ortiz, United States Attorney for the District of Massachusetts, through the undersigned Assistant U.S. Attorney, hereby submits the following status report pursuant to Local Rule 116.5(A) and Magistrate Judge Neiman's written orders.[1]

1.       On May 3, 2010, the defendant was arraigned on the above-captioned indictment. The defendant has been in federal custody since September 17, 2009, when he was arrested based upon a prior Complaint.

2.       In the parties' initial status report, defense counsel requested that relief should be granted from the otherwise applicable timing requirements imposed by L.R. 116.3, in light of the extensive discovery provided by the government, which includes voluminous documents and at least three computer media that contain hundreds of images and videos that the government alleges depict child pornography. The government had no objection to this request.

3.       On May 3, 2010, at the United States Attorney's Office, defense counsel reviewed a small percentage of alleged child pornography and other evidence. On May 14, 2010, the government provided defense counsel with automatic discovery, including 2,888 pages of records

---

[1]       The undersigned Assistant U.S. Attorney has exchanged e-mails and a draft of the instant joint status report with defense counsel, but has not received confirmation that defense counsel assents to this filing.

and numerous compact discs containing other voluminous material, pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts.[2] The government provided additional discovery on May 17, 20, 25, and 27, 2010, and on June 23, 2010. On June 15, 2010, defense counsel reviewed all of the alleged child pornography recovered from the defendant's MacBook seized in Chicago, IL on June 9, 2009, as well as other items of evidence. On July 8, 2010, the government provided the defense with additional materials from Nova Southeastern University and materials relating to the execution of a search warrant authorized on June 18, 2010 for the defendant's silver Casio Exilim 3.2 MP digital camera bearing serial number 1280444A.

    4.    On May 14, 2010, the government requested reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D), but has not yet received a response. On May 14, 2010, the government demanded, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi, but has not yet received a response. Defense counsel expects to respond upon its complete review of the government's discovery.

    5.    Defense counsel believes that it is premature to request discovery concerning expert witnesses under Fed. R. Crim. P. 16(a)(1)(E).

    6.    The government does not anticipate providing additional discovery as a result of its future receipt of information, documents, or reports of examinations or tests, except to provide the defense with: (1) a redacted report, which it has not yet received, from the Child Victim

---

[2] On July 7, 2010, the defense provided the government with a list of certain files on certain of the discovery discs that it stated were inaccessible. On July 9, July 19, and August 2, 2010, the government provided either provided copies of the files or explained how the defense could access those files. The defense has no further questions relating to these files.

Identification Program ("CVIP") of the National Center for Missing and Exploited Children ("NCMEC") that may contain information pertaining to the identification of known victims depicted in images and videos possessed, received and/or distributed by the defendant. The government has not yet received the CVIP report from NCMEC; and (2) a brief summary report, which has not yet been issued, by the FBI"s forensic examiner stating, in sum and substance, the computer media that were examined and which computer media contained evidence of child pornography.[3]

7. On July 8, 2010, the government informed the defense that it completed its forensic examinations of the defendant's MacBook computer, flash drive, and camera seized in Hadley, Massachusetts on August 3, 2009, and has made the recovered files available for review by defense counsel upon request. The defense has not made such a request. To the extent that the defense requests to conduct its own forensic examination of any of the computer media, the defense will provide a hard drive to the government, which will create a duplicate mirror image of the computer media, so that the defense can conduct its own examination in a controlled setting such as an FBI regional computer forensics laboratory. The defense has not made such a request.

8. The parties agree that it is premature for a motion date to be established under Fed.R.Crim.P. 12(c).

9. On June 10, 2010, the Court excluded the period from May 3, 2010 to July 9, 2010 from the Speedy Trial Clock pursuant to 18 U.S.C. § 3161(h)(7)(A). (Docket Entry 34).

10. On July 9, 2010, the Court excluded the period from July 9, 2010 to September 15, 2010 from the Speedy Trial Clock pursuant to 18 U.S.C. § 3161(h)(7)(A). (Docket Entries 41 and 42).

---

[3] The sum and substance of this report has been informally communicated to defense counsel.

11. As of September 15, 2010, zero days will have run on the Speedy Trial Clock.

12. With the government's assent, the defense requests a continuance for the period from September 15, 2010 to October 15, 2010, and states that this period should be excluded to permit the defense to: (a) review the voluminous discovery (including all of the computer media); (b) investigate the evidence and possible defenses; (c) develop its own discovery; (d) evaluate the need for, and to prepare, discovery requests and/or pre-trial motions; and (e) engage in plea negotiations with the government, which provide the basis for the Court to find that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.[4] The defense states that this period constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," and that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A) and 3161(h)(7)(B)(iv).

13. The parties are unclear at present whether this case will be resolved pursuant to a trial or a change of plea. The government expects that a trial on the instant indictment will last approximately four weeks.

---

[4] This case involves charged state cases in Massachusetts, Connecticut, and Florida, and related uncharged criminal conduct in the Northern District of Illinois and the Southern District of Florida. The government has provided the defense with contact information for prosecutors in these venues in an attempt to obtain a global resolution of the defendant's cases.

14. The defense requests an Interim Status Conference for October 10, 2010.

                                Respectfully submitted,

                                CARMEN M. ORTIZ
                                United States Attorney


                                /s/ Steven H. Breslow
                                STEVEN H. BRESLOW
                                Assistant United States Attorney


Dated: September 14, 2010

CERTIFICATE OF SERVICE

Hampden,  ss.                                           Springfield, Massachusetts
                                                        September 14, 2010

    I, Steven H. Breslow, Assistant U.S. Attorney, hereby certify that the foregoing was filed by ECF and will be sent by electronically to the registered participants as identified on the Notice of Electronic Filing.

                                           /s/ Steven H. Breslow
                                          STEVEN H. BRESLOW
                                          Assistant United States Attorney