UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Crim. No. 10-30008-MAP |
| ) | |
| v. ) | |
| ) | |
| MANI M. BATCHU, | |
|     also known as "Mark Taylor," ) | |
| ) | |
|     Defendant. ) | |

**GOVERNMENT'S MOTION IN LIMINE TO ADMIT SUMMARY CHARTS**

The United States of America, by and through Carmen M. Ortiz, United States Attorney for the District of Massachusetts, and Steven H. Breslow, Assistant United States Attorney, and Anitha S. Ibrahim, Trial Attorney, Child Exploitation and Obscenity Section, Criminal Division, United States Department of Justice, respectfully submits its Motion In Limine To Admit Summary Charts. For the reasons explained below, the Court should permit the government's use of summary charts depicting the extensive and voluminous telephone and instant message contact between the defendant and Minor A, which comprises thousands of individual contacts and hundreds of pages of records.

**A.    THE COURT SHOULD PERMIT THE GOVERNMENT'S USE OF SUMMARY CHARTS**

Due to the voluminous nature of the evidence, the government respectfully requests that the Court permit the government to use summary charts pursuant to Fed. R. Evid. 1006.

1.    <u>The Indictment</u>

The Indictment charges Batchu with the following crimes, all in connection with his persistent sexual abuse of a fifteen year-old Massachusetts female:

1

    a.    one count of Transportation Of A Minor With Intent To Engage In Criminal Sexual Activity in violation of 18 U.S.C. § 2423(a) (Count One);

    b.    three counts of Travel With Intent To Engage In Illicit Sexual Conduct With A Minor in violation of 18 U.S.C. § 2423(b) (Counts Two through Four);

    c.    one count of Use of Facility Of Interstate Commerce To Entice Minor To Engage In Criminal Sexual Activity in violation of 18 U.S.C. § 2422(b) (Count Five); and

    d.    one count of Sexual Exploitation Of A Minor in violation of 18 U.S.C. § 2251(a) (Count Six).[1]

2.    <u>Use of Summary Charts Is Appropriate Here</u>

In order to carry its burden with respect to these offenses, the government must offer evidence of thousands of individual telephone calls and instant messages exchanged between a cellular telephone used by Minor A (and subscribed to by Minor A's mother) and two cellular telephones used by the defendant (and subscribed to by the defendant's father). Presenting such voluminous evidence in line-by-line fashion would needlessly consume scarce judicial resources and confuse the jury.

To prevent this, Rule 611(a) of the Federal Rules of Evidence directs the Court to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to: (1) make the interrogation and presentation effective for the ascertainment of the truth; [and] (2) avoid needless consumption of time." Fed. R. Evid. 611(a). Additionally, Rule 1006 provides that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently

---

[1] Counts Seven and Eight have been dismissed by the government.

be presented in court may be presented in the form of a chart, summary or calculation." Fed. R. Evid. 1006.

In accordance with these rules, the government intends, after introducing the underlying records of the cellular telephones, to present summary charts through the testimony of a Special Agent at the Federal Bureau of Investigation who prepared the charts based upon the call and instant message records.[2]  The charts will summarize the underlying information in an accurate and non-misleading manner, see United States v. Milkiewicz, 470 F.3d 390, 396-98 (1st Cir. 2006), and any material assumptions in the charts will be supported by evidence in the record, see Air Safety, Inc. v. Roman Catholic Archbishop of Boston, 94 F.3d 1, 7 n.14 (1st Cir. 1996).

These charts include the following exhibits, which (in addition to the underlying records) have been previously provided to defense counsel and which are titled as follows:

    i.    Total Number of Text Messages from Hanumantha Batchu's Phone Numbers to Minor A's Mother's Phone Number, showing 6,142 text messages between November 19, 2008 and May 24, 2009.

    ii.    Total Number of Text Messages to Hanumantha Batchu's Phone Numbers from Minor A's Mother's Phone Number, showing 5,174 text messages between November 19, 2008 and May 24, 2009.

    iii.    Total Number of Text Messages Between Hanumantha Batchu's Phone Numbers and Minor A's Mother's Phone Number, showing 11,316 text messages between November 19, 2008 and May 24, 2009.

---

[2] The original documents upon which the summaries are based have been produced to the defense, and the voluminous underlying call and instant message records are admissible as business records.

iv. Total Duration of Calls from Hanumantha Batchu's Phone Numbers to Minor A's Mother's Phone Number, showing 172.0 hours between November 19, 2008 and May 24, 2009.

v. Total Duration of Calls to Hanumantha Batchu's Phone Numbers from Minor A's Mother's Phone Number, showing 313.2 hours between November 19, 2008 and May 24, 2009.

vi. Total Duration of Calls Between Hanumantha Batchu's Phone Numbers and Minor A's Mother's Phone Number, showing 485.2 hours between November 19, 2008 and May 24, 2009.

vii. Total Number of Calls from Hanumantha Batchu's Phone Numbers to Minor A's Mother's Phone Number, showing 278 calls between November 19, 2008 and May 24, 2009.

viii. Total Number of Calls to Hanumantha Batchu's Phone Numbers from Minor A's Mother's Phone Number, showing 369 calls between November 19, 2008 and May 24, 2009.

ix. Total Number of Calls Between Hanumantha Batchu's Phone Numbers and Minor A's Mother's Phone Number, showing 647 calls between November 19, 2008 and May 24, 2009.

The decision to permit the use of charts summarizing such records is within the trial court's discretion. See United States v. Nivica, 887 F.2d 1110, 1126 (1st Cir. 1989) ("Inasmuch as the summary charts were adequately grounded in the evidence, their admissibility was committed to the district court's sound discretion."). See, e.g., United States v. DeSimone, 488 F.3d 561, 577 (1st Cir.

2007) (upholding the admission of a summary chart, because "[t]he chart listed complicated transactions from many sources to summarize the government's calculations concerning the taxable income, an essential part of the government's case."); United States v. Harms, 442 F.3d 367, 376 (5th Cir. 2006) (upholding admission of summary testimony where "the evidence at issue presented an appreciable degree of complexity and the district court gave a limiting instruction to the jury"); United States v. Hamaker, 455 F.3d 1316, 1332 (11th Cir. 2006) (FBI financial analyst properly allowed to summarize voluminous company and other records and match or compare certain records to prove the fact that the victim company had been defrauded into paying for one of the defendant's personal projects).

To qualify under Fed. R. Evid. 1006, the writings must be "voluminous" (i.e., materials "which cannot conveniently be examined in court" by the trier of fact).  See Fed. R. Evid. 1006. Rule 1006, however, should not be read "restrictively."  United States v. Winn, 948 F.2d 145, 158 (5th Cir. 1991); see also United States v. Stephens, 779 F.2d 232, 238-39 (5th Cir. 1985) (recognizing that Rule 1006 does not require that the documents be so voluminous as to be "literally impossible to examine the underlying records before a summary may be introduced").  In order to lay a proper foundation for a summary, the proponent should present the testimony of the witness who supervised its preparation.  See United States v. Soulard, 730 F.2d 1292, 1299 (9th Cir. 1984) (district court had discretion to permit IRS agent, testifying as expert witness, to introduce summary schedules prepared by another agent where witness testified he had performed "substantial review" of other agent's analysis to ensure that it was correct based on the evidence).

Here, the underlying records cannot conveniently be examined in court by the jury and the summary charts will be presented through the testimony of the agent who prepared them.  The

government respectfully requests that the Court admit the summary charts. See <u>United States v. Francis</u>, 131 F.3d 1452, 1457-58 (11th Cir.1997) (rejecting challenge to admission of Rule 1006 summaries of intercepted phone calls, in part because underlying calls and transcripts were admitted into evidence); <u>United States v. Atchley</u>, 699 F.2d 1055, 1058-59 (11th Cir.1983) (affirming admission, under Rule 1006, of chart reflecting telephone toll records which had themselves been introduced under Rule 803(6)).

Dated:  March 27, 2011

Respectfully submitted,

| | |
|---|---|
| CARMEN M. ORTIZ<br>United States Attorney<br>District of Massachusetts | ANDREW G. OOSTERBAN<br>Chief, Child Exploitation and Obscenity Section<br>Criminal Division<br>United States Department of Justice |
| /s/ Steven H. Breslow<br>Steven H. Breslow<br>Assistant U.S. Attorney | /s/ Anitha S. Ibrahim<br>Trial Attorney |

CERTIFICATE OF SERVICE

Hampden,  ss.                                                   Springfield, Massachusetts
                                                                March 27, 2011

    I, Steven H. Breslow, Assistant U.S. Attorney, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                /s/ Steven H. Breslow
                                                STEVEN H. BRESLOW
                                                Assistant United States Attorney