

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 4, 2011

BY MAIL

Richard N. Foley, Esq.
55 Market Street
Portsmouth, NH 03801

      Re:   United States v. Mani M. Batchu
            Criminal No. 10-30008-MAP

Dear Counsel:

      This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Mani M. Batchu ("Defendant"), in the above-referenced case. The Agreement is as follows:

1.    <u>Change of Plea</u>

      At the earliest practicable date but in no event later than May 9, 2011, Defendant shall plead guilty to the following counts of the above-referenced Indictment:

      a.    Transportation Of A Minor To Engage In Criminal Sexual Activity, in violation of 18 U.S.C. §2423(a) (Count One);

      b.    Interstate Travel For The Purpose Of Engaging In Illicit Sexual Conduct With A Minor, in violation of 18 U.S.C. §2423(b) (Counts Two Through Four); and

      c.    Use Of Facility Of Interstate Commerce To Entice A Minor To Engage In Criminal Sexual Activity, in violation of 18 U.S.C. §2422(b) (Count Five).

      The U.S. Attorney agrees to dismiss Count Six of the Indictment (Sexual Exploitation Of A Minor, in violation of 18 U.S.C. §2251(a)) following the imposition of sentence at the sentencing hearing.

*2.23.11*

2.    Penalties

Defendant faces the following minimum mandatory and maximum penalties:

a.    Transportation Of A Minor To Engage In Criminal Sexual Activity, in violation of 18 U.S.C. §2423(a) (Count One):  a mandatory minimum sentence of ten years in prison and a maximum sentence of life in prison, a mandatory minimum of five years and a maximum lifetime of supervised release pursuant to 18 U.S.C. §3583(k), mandatory restitution as ordered by the Court, forfeiture to the extent charged in the Indictment, a fine of $250,000.00, and a $100 special assessment;

b.    Interstate Travel For The Purpose Of Engaging In Illicit Sexual Conduct With A Minor, in violation of 18 U.S.C. §2423(b) (Counts Two Through Four): a maximum sentence of thirty years in prison, a mandatory minimum of five years and a maximum lifetime of supervised release pursuant to 18 U.S.C. §3583(k), mandatory restitution as ordered by the Court, forfeiture to the extent charged in the Indictment, a fine of $250,000.00, and a $100 special assessment; and

c.    Use Of Facility Of Interstate Commerce To Entice A Minor To Engage In Criminal Sexual Activity, in violation of 18 U.S.C. §2422(b) (Count Five): a mandatory minimum sentence of ten years in prison and a maximum sentence of life in prison, a mandatory minimum of five years and a maximum lifetime of supervised release pursuant to 18 U.S.C. §3583(k), mandatory restitution as ordered by the Court, forfeiture to the extent charged in the Indictment, a fine of $250,000.00, and a $100 special assessment.

Defendant also recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status.  Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3.    Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory mandatory minimum and maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder.  The Sentencing Guidelines are advisory, not mandatory and, as a result,

the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The U.S. Attorney agrees with respect to the application of the United States Sentencing Guidelines that:

a.   the Guidelines effective November 1, 2010 apply;

b.   in accordance with USSG §2G1.3(c)(1) and§2G2.1(a), Defendant's base offense level is 32, because defendant's offense involved causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

c.   in accordance with USSG §2G2.1(b)(1)(B), Defendant's offense level is increased by 2 levels, because Defendant's offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years;

d.   in accordance with USSG §2G2.1(b)(2)(A), Defendant's offense level is increased by 2 levels, because Defendant's offense involved the commission of a sexual act or sexual contact;

e.   in accordance with USSG §2G2.1(b)(6), Defendant's offense level is increased by 2 levels, because for the purpose of producing sexually explicit material or for the purpose of transmitting such material live, Defendant's offense involved (A) the knowing misrepresentation of a participant's identity to induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct; or (B) the use of a computer or an interactive computer service to (i) persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct; or (ii) solicit participation with a minor in such conduct;

f.   in accordance with USSG §3C1.1, Defendant's offense level is increased by 2 levels because the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction and the obstructive conduct related to the defendant's offense of conviction;

g.   in accordance with USSG §3D1.2, Counts One through Five form one group with a total offense level of 40 (Group One);

h.   in accordance with USSG §2G2.1(d)(1) and §3D1.2, two additional groups

2.28.11

(Groups Two and Three) are formed, each with a total offense level of 38, because Defendant's offense involved the exploitation of two additional minors.

i.    in accordance with USSG §3D1.3 and §3D1.4(a), the combined offense level is 43, based upon the offense level applicable to Group One (40) plus three units.

Defendant agrees that the foregoing application of the Sentencing Guidelines is correct, except that Defendant contests the addition of two additional groups in subsection (h) and three additional levels in subsection (i) on the basis that Defendant contests that the individuals are minors.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the Sentencing Guidelines or for a sentence outside the Guidelines under the factors set forth in 18 U.S.C. §3553(a), except as explicitly reserved below. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure from the Sentencing Guidelines or a sentence outside the Guidelines, except under the conditions explicitly set forth below.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to USSG §4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise changes after his indictment in this case. Thus, for example, the U.S. Attorney may contend that an upward departure under §4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

Defendant reserves the right to contend that there is a basis for departure from, or a sentence outside, the otherwise applicable Sentencing Guideline range based on his cultural background and on his medical, mental and/or emotional condition. In the event Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Sentencing Guideline range based on his medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and her experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in his possession. In addition, Defendant will authorize his care providers to discuss his condition with the U.S. Attorney and her agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).

The U.S. Attorney will oppose any argument for a departure or sentence outside the Guidelines under the factors set forth in 18 U.S.C. §3553(a) .

Based on Defendant's acceptance of personal responsibility for the offense(s) of conviction

4

in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under USSG §3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under USSG §3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing Defendant:

(a)    Fails to admit a complete factual basis for the plea;

(b)    Fails to truthfully admit his conduct in the offenses of conviction;

(c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

(d)    Fails to provide truthful information about his financial status;

(e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

(f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

(g)    Intentionally fails to appear in Court or violates any condition of release;

(h)    Commits a crime;

(i)    Transfers any asset protected under any provision of this Agreement; or

(j)    Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after date of this Agreement.

4.    Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the Court:

(a)    incarceration within the Sentencing Guideline range as calculated by the U.S.

5

*2.23.11*

Attorney in Paragraph 3;

(b)     a fine within the Sentencing Guideline range as calculated by the U.S. Attorney in Paragraph 3;

(c)     365 months of supervised release with the following special conditions:

    i.     Defendant shall not contact, directly or indirectly, any victim, including Minor A, or family member of any victim, of the charged offenses;

    ii.     Defendant shall promptly notify the Probation Department of any contact, direct or indirect, by any victim, including Minor A, or family member of any victim, of the charged offenses;

    iii.     Defendant shall "submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications, or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions," pursuant to 18 U.S.C. § 3583(d);

    iv.     Defendant shall participate in a sex offender specific treatment program, and shall be required to submit to periodic polygraph testing as a means to ensure that he is in compliance with the requirements of this therapeutic program;

    v.     Defendant shall not engage in any occupation, business, or profession that would require him to have direct or indirect supervision of any person under the age of 18, and Defendant shall not have unsupervised contact with any person under the age of 18;

    vi.     Defendant shall not possess a computer and/or related materials except as deemed necessary by the Court or the Probation Department for work purposes;

    vii.     Defendant shall allow the U.S. Probation Office to install software designed to monitor computer activities on any computer Defendant is authorized to use;

    viii.     Defendant shall have no use of the Internet at his home, work, or elsewhere, unless the United States Probation Office determines

2.23.11

otherwise;

ix.    Defendant shall be prohibited from viewing or possessing any kind of pornography or sexually explicit materials;

x.    Defendant shall report his address, and any subsequent address changes, to the Probation Office;

xi.    Defendant shall register as a sex offender as required under federal and state law in any state where he resides, is employed, carries on a vocation, or is a student; and

xii.    Defendant shall use his true name and is prohibited from the use of any false identifying information, which includes, but is not limited to, any aliases, false dates of birth, false social security numbers, and false places of birth.

(d)    mandatory special assessment in the amount of $500;

(e)    restitution as determined by the Court; and

(f)    forfeiture as set forth in Paragraph 11.

Defendant agrees that the imposition of any supervised release term should be no less than 15 years and in any event should include all of the special conditions specified above.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

5.    <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.    <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

2.23.11

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

    (a)    Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $4,000;

    (b)    Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $4,000 per month; and

    (c)    Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing are satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7.    <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>.

    (a)    Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that he may, in some circumstances, be able to argue in a future (collateral) challenge, such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582(c), that his conviction should be set aside or his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) set aside or reduced.

    (b)    Defendant waives any right he has to challenge his conviction on direct appeal or in a collateral challenge.

    (c)    In exchange for the U.S. Attorney's agreement to dismiss Count Six from the Indictment, Defendant agrees that he will not file a direct appeal nor collaterally challenge any sentence of imprisonment of 293 months or less or any orders relating to supervised release, fines, forfeiture and restitution. This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement.

    (d)    The U.S. Attorney likewise agrees that, regardless of the analysis employed by the Court, the U.S. Attorney will not appeal any imprisonment sentence of 324 months or more.

2.23.11

(e)     Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this plea agreement or the entry of the guilty plea.

8.     Other Post-sentence Events

(a)     In the event that, notwithstanding the waiver provision of Paragraph 7(c), Defendant appeals or collaterally challenges his sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in Paragraph 7).

(b)     If notwithstanding the waiver provision of Paragraph 7(c), Defendant seeks re-sentencing, he agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of Defendant's original sentencing, except to the extent that he has been found actually factually innocent of a prior crime. Thus, for example, Defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing unless he has been found actually factually innocent of that prior crime.

(c)     In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this Agreement.

9.     Waiver of Hyde Amendment Claim

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions made by the U.S. Attorney in this Agreement, Defendant voluntarily and knowingly waives any claim that he might assert under this statute based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Count Six.

10.     Court Not Bound by Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the Court

2.23.11

declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the Court declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any subsequent appeal or collateral challenge.

11.   Forfeiture

Defendant understands that the Court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to his offense, assets used to facilitate his offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

(1)     one Apple MacBook with serial number W8734MNOZ5W;

(2)     one Apple MacBook Pro bearing serial number W8928JY566D;

(3)     one black SanDisk Cruzer Micro 2.0 GB flash USB memory drive bearing number BE06063BB;

(4)     one silver Casio Exilim 3.2 MP digital camera bearing serial number 1280444A; and

(5)     one silver 2002 Lexus IS 300, bearing Vehicle Identification Number JTHBD192820035037 and Illinois Registration Number VBATCHU.

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute property, real or personal, used or intended to be used to commit, or to promote the commission of the offenses in Counts One through Five of the Indictment. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary

10

proceeding and that he will testify truthfully in any such proceeding. In order to assist the United States in locating and forfeiting assets, Defendant shall deliver to the U.S. Attorney within thirty days after signing this Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest, and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from October 1, 2008 to the present. At the request of the U.S. Attorney, Defendant further agrees to be deposed with respect to Defendant's assets.

Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

12.   Restitution

Pursuant to 18 U.S.C. § 3663, Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. Defendant acknowledges that pursuant to this plea agreement, he agrees to pay restitution for the full amount of the victims' compensable losses as may be proved by the United States or stipulated to by the parties. Defendant acknowledges that the Court may not decline to award restitution because of Defendant's economic circumstances or the fact that the victims have, or are entitled to, receive(d) compensation for their injuries from the proceeds of insurance or any other source. 18 U.S.C. 3664(f).

Defendant further agrees to make full and accurate disclosure of his financial affairs to the United States. Specifically, Defendant agrees that, before sentencing, Defendant shall complete and provide to the United States, under penalty of perjury, the attached personal financial statement. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since May 2, 2009, including the location of the assets and the identity of the third parties.

The parties will jointly recommend that as a condition of probation or supervised release,

2.23.11

Defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until the fine or restitution is paid in full. See 18 U.S.C. § 3664(k), (n).

The parties will also jointly recommend that as a condition of probation or supervised release, Defendant will notify the Financial Litigation Unit, United States Attorney's Office, before Defendant transfers any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. See 18 U.S.C. § 3664(k), (n).

Defendant further agrees that whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613. If the Court imposes a schedule of payments, Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If Defendant is incarcerated, Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

13.    Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

14.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

15.    Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

16.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through

2.23.11

counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

### 17.   Sex Offender Registration Notification Act

Defendant acknowledges that he has been advised, and understands, that under the Sex Offender Registration and Notification Act and any applicable state law, he must register as a sex offender and keep the registration current in each of the following jurisdictions: (a) where he resides; (b) where he is an employee; (c) and where he is a student. Defendant understands that he will be required to provide his name, his residence address, and the names and addresses of any places where he is or will be an employee or a student, in addition to any other information required by state or federal law. Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations may subject him to prosecution and imprisonment for failure to register under state or federal law.

### 18.   Victim Matters

Defendant agrees never to seek to profit financially, in any way, either directly or indirectly, from the crimes he committed in the instant case. Defendant agrees to submit to any medical tests for HIV or other sexually transmitted diseases, and have the test results released to the Court, United States Attorney's Office, United States Probation Office, the minor victims, and the victims' families. Defendant agrees to have no contact or communication with the minor victims and the victims' families without explicit written permission from the Court or the United States Probation Office for a period of 365 months following his release from imprisonment for the instant case, regardless of the term of supervised release ordered by the Court. Defendant agrees never to identify, in any manner, the minor victims and the victims' families.

### 19.   Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

2.23.11

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Mani M. Batchu
Defendant

Date: 3/25/11

I certify that Mani M. Batchu has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Richard Foley
Attorney for Defendant

Date: 3/.30/11

15

20.   <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Steven H. Breslow.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
JOHN T. McNEIL
Deputy Chief, Criminal Division

14

# UNITED STATES DEPARTMENT OF JUSTICE
# FINANCIAL STATEMENT

Authority for the solicitation of the requested information is one or more of the following: 5 U.S.C. 301, 901 (see Note, Executive Order 6166, June 10, 1933); 28 U.S.C. 501, et seq.; 28 U.S.C. § 3001 et seq.;  31 U.S.C. 951, et seq.; 44 CFR 101 0.160, 0.171 and Appendix to subpart Y.

The principal purpose for gathering this information is to evaluate your capacity to pay any Government claim or judgment against you.  Routine uses of the information are established in the following U.S. Department of Justice Case File Systems published in Vol. 42 of the Federal Register: Justice/CIV-001 at page 53321; Justice/TAX-001 at page 15347; Justice/USA-00 at pages 53408-53410, Justice/CRIM-016 at page 12774.  If the requested information is not furnished, the U.S. Department of Justice has the right to such disclosure of the information by legal methods.

**<u>INSTRUCTIONS</u>: Please fill out all responses completely.  Do not leave blanks.  For example, if the response is "none" write in "none".  Use additional sheets or continue on reverse side of form if additional space is needed.**

1.   NAME: _____

2.   OTHER NAMES USED: _____

3.   BIRTH DATE: _____

4.   (a) HOME ADDRESS: _____

     CITY: _____ STATE: _____ ZIP: _____

     (b) IDENTIFY ALL INDIVIDUALS WHO RESIDE AT THIS LOCATION AND THEIR RELATIONSHIP TO YOU _____

     (c) DO YOU PLAN TO MOVE FROM YOUR CURRENT RESIDENCE? ( ) YES  ( ) NO
     IF YES, DATE YOU PLAN TO MOVE: _____
     NEW ADDRESS: _____

5.   (a) YOUR SOCIAL SECURITY NO._____-_____-_____

     (b) IDENTIFY ANY OTHER SOCIAL SECURITY NUMBERS YOU HAVE EVER USED
     _____

(Financial Statement 3/98)

6.     LIST ALL PHONE NUMBERS AT YOUR PLACE OF RESIDENCE, CELLULAR AND/OR BEEPER NUMBERS:_____
IF NONE, GIVE NAME AND PHONE NUMBER OF NEAREST RELATIVE OR NEIGHBOR:_____

7.     MARITAL STATUS: (  ) MARRIED (  ) DIVORCED (GIVE DATE AND STATE OF DIVORCE_____) (  ) SEPARATED (  ) SINGLE

8.     NAME OF SPOUSE (GIVE ADDRESS AND PHONE NUMBER IF DIFFERENT FROM YOURS):  _____
_____

    DATE OF SPOUSE'S BIRTH: _____

9.     NUMBER OF DEPENDENTS: _____

| NAME | RELATIONSHIP | DATE OF BIRTH |
|------|--------------|---------------|
|      |              |               |
|      |              |               |
|      |              |               |
|      |              |               |
|      |              |               |

10.    FATHER'S NAME: _____
ADDRESS: _____
PLACE OF EMPLOYMENT: _____
ADDRESS: _____

11.    MOTHER'S NAME: _____
ADDRESS: _____
PLACE OF EMPLOYMENT: _____
ADDRESS: _____

12.    ARE YOU CURRENTLY AN ACTIVE MEMBER OF THE ARMED FORCES (INCLUDING NATIONAL GUARD AND RESERVES)? (  ) YES  (  ) NO.
IF YES, GIVE NAME, ADDRESS AND TELEPHONE NUMBER OF YOUR UNIT AND HOW MANY YEARS REMAINING IN YOUR ENLISTMENT_____
_____

13.     ARE YOU CURRENTLY WORKING? ( ) YES   ( ) NO.  IF YES, GIVE NAME OF EMPLOYER, ADDRESS AND TELEPHONE: _____

_____

14.     (a) HOW OFTEN ARE YOU PAID? ( ) WEEKLY ( ) BI-WEEKLY ( ) MONTHLY ( ) OTHER _____

(b) HOW MUCH ARE YOU PAID PER PERIOD:
(Attach a copy of the most recent three months of payroll statements)
Gross Pay                                     _____
Commissions/bonuses                 _____
Taxes (State, Federal, FICA, etc.)     _____
Retirement                                     _____
Insurance                                       _____
        Life                                        _____
        Health                                    _____
        Other                                      _____
Bonds, Savings, Union Dues (Specify)   _____
Other Deductions (Specify)

_____

_____

NET TAKE HOME PAY                   _____

15.     ON WHAT DAYS OF THE MONTH OR WEEK ARE YOU PAID?  _____

16.     ARE YOU A MEMBER OF A UNION: ( ) YES ( ) NO.  IF YES, GIVE UNION NAME, ADDRESS AND TELEPHONE NUMBER:

_____

_____

17.     LIST ALL OTHER EMPLOYMENT WITHIN THE LAST SIX YEARS:
EMPLOYER NAME          ADDRESS          PHONE          DATES          SALARY

_____

_____

_____

_____

(a)     HAVE YOU EVER APPLIED FOR OR RECEIVED UNEMPLOYMENT OR DISABILITY PAYMENTS WITHIN THE LAST SIX YEARS?  IF SO, STATE THE PERIOD AND AMOUNT RECEIVED.

_____

(b)     DO YOU RECEIVE UNEMPLOYMENT BENEFITS NOW? ( ) YES ( ) NO.

(Financial Statement 3/98)                    3

IF YES, STATE HOW MANY WEEKS OF ELIGIBILITY YOU HAVE LEFT:

_____

IF NO, HAVE YOU APPLIED FOR THEM?   IF YOU APPLIED FOR SUCH BENEFITS AND WERE DENIED, STATE THE REASON FOR THE DENIAL

_____

.

18.    ASIDE FROM ANY BENEFITS IDENTIFIED IN YOUR RESPONSE TO QUESTION 19(a), HAVE YOU RECEIVED FINANCIAL SUPPORT FROM ANY SOURCE OR PERSON WITHIN THE LAST SIX YEARS?  IF SO, STATE THE AMOUNT, DATES RECEIVED, AND IDENTIFY THE SOURCE WITH NAME, ADDRESS AND TELEPHONE NUMBER.

_____
_____
_____
_____

19.    DO YOU EXPECT TO BE WORKING IN THE NEXT 12 MONTHS?  ( ) YES ( ) NO.
       (a) IF YES, GIVE THE EMPLOYER'S NAME, ADDRESS AND TELEPHONE NUMBER:

_____
_____
_____

       (b) IF NOT, STATE THE REASONS WHY NOT:

_____
_____
_____

20.    HAS YOUR SPOUSE WORKED IN THE LAST SIX YEARS? ( ) YES ( ) NO.  IF SO, GIVE THE EMPLOYER'S NAME, ADDRESS AND TELEPHONE NUMBER?

_____
_____
_____

21.    HOW MUCH DOES HE/SHE MAKE? $_____ PER  ( ) WEEK ( ) MONTH
       (  ) YEAR.  WHAT IS THE TAKE HOME PER PAY PERIOD?

_____

22.   HAVE YOU, YOUR SPOUSE OR DEPENDENTS HAD A CHECKING ACCOUNT IN THE PAST SIX YEARS?  (   ) YES   (   ) NO.  IF SO, LIST ALL SUCH ACCOUNTS, WITH BANK NAME, ACCOUNT HOLDER AND ACCOUNT NUMBER.

| BANK | ACCOUNT NUMBER | ACCOUNT HOLDER | CURRENT BALANCE OR DATE CLOSED |
|------|----------------|----------------|--------------------------------|
|      |                |                |                                |
|      |                |                |                                |
|      |                |                |                                |
|      |                |                |                                |

23.   HAVE YOU, YOUR SPOUSE OR DEPENDENTS HAD A SAVINGS ACCOUNT IN THE PAST SIX YEARS?          (   ) YES   (   ) NO.
IF SO, GIVE NAMES AND ADDRESSES OF ALL BANKS AND ALL ACCOUNT NUMBERS.

| BANK | ACCOUNT NUMBER | ACCOUNT HOLDER | CURRENT BALANCE OR DATE CLOSED |
|------|----------------|----------------|--------------------------------|
|      |                |                |                                |
|      |                |                |                                |
|      |                |                |                                |
|      |                |                |                                |

24.   DO YOU OR YOUR SPOUSE HAVE AN INDIVIDUAL RETIREMENT ACCOUNT (IRA) KEOUGH ACCOUNT; PENSION PLAN ACCOUNT; 401(k) ACCOUNT; 404(b) ACCOUNT; OR ANY OTHER RETIREMENT SAVINGS PLAN? (   ) YES (   ) NO. IF YES, GIVE NAME OF FINANCIAL INSTITUTION(S), ADDRESS, ACCOUNT TYPE AND ACCOUNT NUMBERS, AMOUNT AND FREQUENCY OF CONTRIBUTIONS AND BALANCE OF EACH ACCOUNT:

| BANK | ACCOUNT NUMBER | ACCOUNT HOLDER | CURRENT BALANCE OR DATE CLOSED |
|------|----------------|----------------|--------------------------------|
|      |                |                |                                |
|      |                |                |                                |
|      |                |                |                                |
|      |                |                |                                |

25.   DO YOU, YOUR SPOUSE OR DEPENDENTS HAVE ANY SECURITY DEPOSITS? IF SO, IDENTIFY THE AMOUNT, ENTITY OR INDIVIDUAL WHO CONTROLS THE SECURITY DEPOSIT AND LOCATION.

_____
_____
_____

26.     DO YOU, YOUR SPOUSE OR DEPENDENTS HAVE ANY CASH OVER $5,000?  IF SO, IDENTIFY THE AMOUNT AND LOCATION:

_____
_____
_____

27.     HAVE YOU, YOUR SPOUSE OR DEPENDENTS USED ANY SAFE DEPOSIT BOXES WITHIN THE PAST SIX YEARS?  IF SO, IDENTIFY THE HOLDER OF SUCH SAFE DEPOSIT BOX, THE CONTENTS, AMOUNT AND LOCATION.

_____
_____
_____

28.     HAVE YOU, YOUR SPOUSE OR DEPENDENTS HAD ANY MONEY MARKET, BROKERAGE OR OTHER ACCOUNTS IN THE PAST SIX YEARS?  IF SO, IDENTIFY THE FINANCIAL INSTITUTION AND CURRENT OR CLOSING BALANCE OF EACH ACCOUNT.

| BANK | ACCOUNT NUMBER | ACCOUNT HOLDER | CURRENT BALANCE OR DATE CLOSED |
|------|----------------|----------------|--------------------------------|
|      |                |                |                                |
|      |                |                |                                |
|      |                |                |                                |
|      |                |                |                                |

29.     HAVE YOU, YOUR SPOUSE OR DEPENDENTS HAD ANY FOREIGN BANK ACCOUNTS IN THE PAST SIX YEARS?  IF SO, IDENTIFY THE FINANCIAL INSTITUTION WHERE LOCATED, AND CURRENT OR CLOSING BALANCE OF EACH ACCOUNT.

| BANK | ACCOUNT NUMBER | ACCOUNT HOLDER | CURRENT BALANCE OR DATE CLOSED |
|------|----------------|----------------|--------------------------------|
|      |                |                |                                |
|      |                |                |                                |
|      |                |                |                                |
|      |                |                |                                |

30.     HAVE YOU, YOUR SPOUSE OR DEPENDENTS HAD ANY CERTIFICATES OF DEPOSIT, TREASURY NOTES WITHIN THE PAST SIX YEARS? IF SO, IDENTIFY THE AMOUNT AND WHERE MAINTAINED.

_____
_____
_____

31.   DO YOU, YOUR SPOUSE OR DEPENDENTS HAVE ANY TRAVELERS CHECKS?  IF
       SO, IDENTIFY THE AMOUNT AND WHERE MAINTAINED.
       _____
       _____
       _____

32.   HAVE YOU, YOUR SPOUSE OR DEPENDENTS HAD ANY SECURITIES (BONDS,
       STOCKS, NOTES, MORTGAGES OR REAL ESTATE INVESTMENT TRUSTS) WITHIN
       THE PAST SIX YEARS? IF SO, IDENTIFY THE AMOUNT AND WHERE MAINTAINED.
       _____
       _____
       _____

33.   HAVE YOU, YOUR SPOUSE OR DEPENDENTS HAD ANY TAX EXEMPT FUNDS,
       MUNICIPAL BONDS WITHIN THE PAST SIX YEARS? IF SO, IDENTIFY THE AMOUNT
       AND WHERE MAINTAINED.
       _____
       _____
       _____

34.   HAVE YOU, YOUR SPOUSE OR DEPENDENTS HAD ANY EQUITY SECURITIES,
       COMMODITY CONTRACTS WITHIN THE PAST SIX YEARS?  IF SO, IDENTIFY THE
       NATURE AND VALUE AND WHERE MAINTAINED.
       _____
       _____
       _____

35.   HAVE YOU, YOUR SPOUSE OR DEPENDENTS HAD ANY MUTUAL FUNDS WITHIN
       THE PAST SIX YEARS?  IF SO, IDENTIFY THE VALUE AND WHERE MAINTAINED.
       _____
       _____
       _____

36.   HAVE YOU, YOUR SPOUSE OR DEPENDENTS HAD ANY BROKERAGE ACCOUNTS
       OR BROKERS' MARGIN ACCOUNTS WITHIN THE PAST SIX YEARS?  IF SO,
       IDENTIFY THE INSTITUTION.

                                                          CURRENT BALANCE
       BANK          ACCOUNT NUMBER        ACCOUNT HOLDER   OR DATE CLOSED
       _____
       _____
       _____
       _____

37.     DO YOU, YOUR SPOUSE OR DEPENDENTS HAVE ANY ACCOUNTS RECEIVABLE (INCLUDING PRINCIPAL AMOUNT, MATURITY DATE, MARKET VALUE)?  IF SO, IDENTIFY THE AMOUNTS THAT ARE OWED AND FROM WHOM.

_____
_____
_____

38.     DO YOU, YOUR SPOUSE OR DEPENDENTS HAVE ANY ANNUITY CONTRACTS?  IF SO, GIVE COMPLETE DETAILS.

_____
_____
_____

39.     ARE YOU, YOUR SPOUSE OR DEPENDENTS ENTITLED TO RECEIVE ANY ALIMONY OR CHILD SUPPORT PAYMENTS?  IF SO, GIVE COMPLETE DETAILS.

_____
_____
_____

40.     HAVE YOU, YOUR SPOUSE OR DEPENDENTS HELD ANY PROMISSORY NOTES OR MADE ANY LOANS TO ANY PERSON OR ENTITY THAT ARE STILL OUTSTANDING? IF SO, GIVE COMPLETE DETAILS.

_____
_____
_____

41.     HAVE YOU, YOUR SPOUSE OR DEPENDENTS HAD ANY BUSINESS INTERESTS (INCLUDING SOLE PROPRIETORSHIPS, PARTNERSHIPS, CORPORATIONS) WITHIN THE PAST SIX YEARS?  IF SO, GIVE COMPLETE DETAILS.

_____
_____
_____

42.     DO YOU, YOUR SPOUSE OWN OR LEASE ANY VEHICLES? IF SO, IDENTIFY MAKE, MODEL, DATE OF PURCHASE, OR LOAN AGREEMENT.

_____
_____
_____

43.  DO YOU DRIVE A MOTOR VEHICLE OWNED OR LEASED BY SOMEONE ELSE? IDENTIFY THE MAKE, MODEL, YEAR AND OWNER AND/OR LESSEE OF VEHICLE.

_____
_____
_____

44.  DO YOU OR YOUR SPOUSE HAVE ANY LIFE INSURANCE POLICIES?
( ) YES ( ) NO.  IF YES, STATE:

(a)  COMPANY NAME, ADDRESS, PHONE NUMBER:

_____
_____

(b)  TYPE OF INSURANCE (TERM, WHOLE LIFE, ETC.)

_____
_____

(c)  POLICY NUMBER:

_____
_____

(d)  FACE VALUE AMOUNT:

_____
_____

(e)  CASH SURRENDER VALUE:

_____
_____

(f)  OUTSTANDING LOANS ON POLICY:

_____
_____

45.  DO YOU OR ANYONE IN YOUR HOUSEHOLD HAVE ANY HOMEOWNER'S OR RENTER'S INSURANCE POLICIES?  ( ) YES ( ) NO
IF YES, IDENTIFY THE FOLLOWING:

(a) COMPANY NAME, ADDRESS AND PHONE NUMBER

_____
_____

(b) TYPE OF INSURANCE: _____

(c) POLICY NUMBER(S): _____

(Financial Statement 3/98)

9

(d) VALUE OF INSURANCE: _____

(e) DOES THIS INSURANCE POLICY OR ANY OTHER POLICY COVER ANY PERSONAL PROPERTY  SUCH AS JEWELRY, ARTWORK, FURS, SILVERWARE, RARE COINS, ETC., THAT ARE SPECIFICALLY LISTED AS COVERED UNDER SUCH POLICY?   (  ) YES (  ) NO
IF YES, ATTACH ALL SCHEDULES, LISTS OR RIDERS OF POLICY LISTING SUCH INSURED ITEMS, INCLUDING AMOUNT OF INSURANCE COVERAGE.

46.    DO YOU, YOUR SPOUSE OR DEPENDENTS OWN ANY REAL ESTATE OR HAVE ANY OWNERSHIP INTEREST IN ANY REAL ESTATE OR REAL ESTATE INVESTMENT ENTITIES OR TRUSTS?   (  ) YES (  ) NO.
IF YES, IDENTIFY LOCATION, TITLE OWNERS, INTEREST OWNED.
_____
_____

47.    ARE YOU PLANNING TO PURCHASE OR SELL ANY REAL ESTATE UNDER CONTRACT? (  ) YES (  ) NO.  IF YES, STATE:

(a) PROPERTY ADDRESS:
_____
_____

(b)  NAME AND ADDRESS OF BUYER/SELLER:
_____
_____

(c) PROPERTY'S APPRAISED VALUE: _____

(d) CONTRACT PRICE: _____

(e) PRINCIPAL STILL OWED: _____

(f) NEXT PAYMENT DATE:_____

(g) AMOUNT OF NEXT PAYMENT:_____

48.    DO YOU HAVE ANY INCOME PROTECTION INSURANCE, e.g., ACCIDENT INSURANCE? (  ) YES (  ) NO.  IF YES, STATE COMPANY NAME, ADDRESS, PHONE NUMBER:
_____
_____

49.    LIST ALL PERSONAL PROPERTY OWNED BY YOU, YOUR SPOUSE OR DEPENDENTS:

| PROPERTY ITEM | DESCRIPTION | LOCATION | OWNED BY | YEAR PURCHASED & PRICE |
|---|---|---|---|---|
| Furniture | | | | |

(Financial Statement 3/98)                              10

Microwave

Refrigerator

Stove/Oven

Dishwasher

Washer/Dryer

Other Appliances

TV (state how many)

VCR

Video Camera/Recorder

Stereo/CD Player

Cameras

Guns

Jewelry

Antiques

Collectibles, e.g.,.stamps, artwork, etc.

Computers, printers, scanners

Telefax Machine, answering machine

Tools

Aircraft

Boats or other water craft

Vehicles of any kind   (including cars, trucks, campers, motorcycles, snowmobiles, etc.

Lawn Mower

Satellite TV System

Other

Professional & Business Licenses

(Financial Statement 3/98)

11

50.    DATE LAST FEDERAL INCOME TAX RETURN WAS FILED:

_____

AMOUNT OF GROSS INCOME REPORTED:

_____

51.    ARE YOU, YOUR SPOUSE OR DEPENDENTS CLAIMING ANY TAX REFUNDS? IF SO, IDENTIFY THE AMOUNT CLAIMED AND FROM WHOM.

_____
_____

52.    LIST ALL TRANSFERS OF PROPERTY INCLUDING CASH (BY LOANS, GIFT, SALE, ETC.) THAT YOU HAVE MADE WITHIN THE LAST SIX (6) YEARS (ITEMS OF $1,000 OR MORE IN VALUE) USE ADDITIONAL SHEETS IF NECESSARY:

DATE                  AMOUNT                PROPERTY TRANSFERRED TO WHOM
_____
_____
_____

53.    ARE YOU A TRUSTEE, EXECUTOR, BENEFICIARY OR ADMINISTRATOR UNDER ANY WILL OR TESTAMENT, INSURANCE POLICY OR TRUST AGREEMENT? (  ) YES  (  ) NO.  IF YES, GIVE DETAILS:

_____
_____

54.    (a) IS THERE ANY LIKELIHOOD YOU, YOUR SPOUSE OR DEPENDENT WILL RECEIVE ANY INHERITANCE?  (  ) YES (  ) NO.

IF YES, FROM WHOM?  (name, address and phone number)
_____
_____

(b) HAVE YOU RENOUNCED ANY INHERITANCE RIGHTS WITHIN THE LAST THREE YEARS?  IF SO, PROVIDE THE DETAILS OF WHOSE ESTATE, AND PROVIDE ALL DOCUMENTS EXECUTED BY YOU IN CONNECTION WITH THIS.

_____
_____

(Financial Statement 3/98)                    12

55.  DO YOU RECEIVE OR, UNDER ANY CIRCUMSTANCES, EXPECT TO RECEIVE BENEFITS FROM ANY ESTABLISHED TRUST, FROM A CLAIM FOR COMPENSATION OR DAMAGES, OR FROM A CONTINGENT OR FUTURE INTEREST IN PROPERTY OR ANY KIND?  (   ) YES (   ) NO.  IF YES, GIVE DETAILS:

_____
_____

56.  DO YOU HAVE ANY OUTSTANDING LOANS PAYABLE TO BANKS, FINANCE COMPANIES, ETC.?  (   ) YES (   ) NO.  IF YES, GIVE DETAILS:

| Owed  To | Purpose | Amount | Payment | Balance |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

57.  ARE YOU SELF-EMPLOYED OR DO YOU OWN ALL OR PART OF A BUSINESS AS SOLE OWNER, PARTNER, STOCKHOLDER, OR OTHER OTHERWISE?
( ) YES  ( ) NO.  IF YES, STATE THE NAME AND ADDRESS OF THE BUSINESS:

_____
_____

STATE THE NATURE AND VALUE OF YOUR INTEREST:

_____
_____

HOW AND WHEN DO YOU DRAW MONEY FROM IT?

_____
_____

58.  GIVE AN ACCURATE ACCOUNT OF THE FINANCIAL CONDITION OF THIS BUSINESS FOR THE LAST SIX YEARS.  ATTACH COPIES OF THE MOST RECENT THREE RETURNS AND A STATEMENT OF ASSETS, INVENTORIES, LIABILITIES, GROSS AND NET INCOME, AND THE AMOUNT OF ANY UNDISTRIBUTED PROFITS IN THE BUSINESS:

_____
_____

59.  LIST CREDITORS TO WHOM YOU OWE MONEY (INCLUDING JUDGMENTS, CREDIT CARD DEBTS, LOANS, DOCTOR BILLS, ETC.: (Even if disclosed above)

Creditor                          Monthly Payment                    Balance Owing

_____

_____

_____

_____

60.  MONTHLY INCOME AND EXPENSES OF SELF, SPOUSE AND DEPENDENTS.

| LIST ALL MONTHLY INCOME (even if disclosed above) | | LIST ALL MONTHLY EXPENSES (even if disclosed above) | |
|---|---|---|---|
| Take home pay  (self) | $ | Rent/mortgage | $ |
| "       (spouse) | $ | Real estate taxes | $ |
| "       (dependents) | $ | Food (home, work, school) | $ |
| Overtime (est. if necessary) | $ | Heat (gas, oil, wood) | $ |
| Interest/Dividends | $ | Electricity | $ |
| Support/Alimony | $ | Telephone | $ |
| Pension/Social Security | $ | Cable TV | $ |
| Social Services | $ | Other utilities | $ |
| Food Stamps | $ | Insurance | $ |
| Rent Income | $ | Medical | $ |
| Benefits from the U.S. | $ | Transportation | $ |
| Disability compensation | $ | Clothing | $ |
| Retirement pay | $ | Childcare | $ |
| Military pay (active) | $ | Tuition | $ |
| Commissions | $ | Child support/alimony | $ |
| Other (list specifically) | $ | Entertainment | $ |
|  | $ | Personal care | $ |
|  | $ | Drycleaning/laundry | $ |
|  | $ | Gifts | $ |
|  | $ | Newspapers/Magazines | $ |
|  | $ | Church/charities | $ |
|  | $ | Tobacco | $ |

(Financial Statement 3/98)                              14

| | $ | Other Miscellaneous | $ |
|---|---|---|---|
| | | | |
| **TOTAL INCOME** | $ | **TOTAL EXPENSES** | $ |

Attach copies of all documents related to monthly income and expenses over $200.

WITH KNOWLEDGE OF THE PENALTIES FOR FALSE STATEMENTS PROVIDED BY TITLE 18, UNITED STATES CODE, SECTION 1001 ($250,000 FINE AND/OR FIVE YEARS IMPRISONMENT) AND WITH KNOWLEDGE THAT THIS FINANCIAL STATEMENT IS SUBMITTED BY ME TO AFFECT ACTION BY THE UNITED STATES DEPARTMENT OF JUSTICE, I HEREBY CERTIFY THAT THE ABOVE STATEMENT IS TRUE AND THAT IT IS A COMPLETE STATEMENT OF ALL MY INCOME AND ASSETS, REAL AND PERSONAL, WHETHER HELD IN MY NAME OR BY ANY OTHER.

_____
Date

_____
Signature

_____
Print name

(Financial Statement 3/98)                                                    15