UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Docket No. 10-CR-30008-MAP |
| v. ) | |
| ) | |
| MANI BATCHU, ) | |
| Defendant. ) | |

## OPPOSITION TO MOTION TO PRODUCE

The United States of America, by and through Andrew E. Lelling, United States Attorney for the District of Massachusetts, and Alex J. Grant, Assistant United States Attorney, opposes the Motion to Produce of the defendant, Mani Batchu. The motion is bereft of any articulation of how the requested discovery is pertinent to any claims the defendant has made or will make.

### Background of Claims

The defendant's Section 2255 motion claims three related grounds, all alleging improper conduct by his defense counsel Richard Foley ("Foley"): the defendant was sentenced in violation of his Sixth Amendment right to conflict-free counsel, the defendant was denied counsel contrary to the Sixth Amendment at and before sentencing, and the defendant was denied the right to effective assistance of counsel at and before the sentencing. Since the filing of these claims, counsel has been appointed to assist Batchu in this litigation.

### Legal Standard

Rule 6(a) of the Rules Governing Section 2255 Proceedings provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure." This "good cause" standard reflects the settled law that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). The Supreme Court

has found "good cause" under Rule 6(a) "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Id.* at 908-09 (quoting *Harris v. Nelson,* 394 U.S. 286, 300 (1969)).

Batchu makes no pretense about complying with the "good cause" standard in his Motion to Produce. He claims, without support, that Rule 6 is "not apposite here." Motion at 2. The defendant instead invokes the Court's power outside of Rule 6 or any other rule of procedure to seek discovery. Batchu seems to argue that Rule 6 and the Court's inherent authority to order discovery are at war with each other, *see* Motion at 2-3, but as the Supreme Court in *Bracy* pointed out, Rule 6 was meant to be "consistent with" the Court's inherent authority recognized in *Harris*. *Bracy*, 520 U.S. at 909. Thus, whether dressed in the clothing of Rule 6 or of the Court's general powers, the defendant's request for discovery is still subject to the "good case" standard.[1] *See also Teti v. Bender*, 507 F.3d 50, 60 (1st Cir. 2007) ("unlike in normal civil cases, there is no entitlement to discovery in habeas proceedings; *the availability of discovery is instead circumscribed by Rule 6* of the Rules Governing § 2254 Cases") (emphasis added).

Further, Rule 6(b) of the Rules governing Section 2255 Proceedings provides that "[a] party requesting discovery must provide reasons for the request . . . and [requests] must specify any requested documents." In order to obtain discovery under section 2255, the petitioner "must show some basis for discovery more substantial than [one that is] purely speculative and hypothetical." *Dziurgot v. United States*, 1990 WL 254082, at *5 (1st Cir. 1990) (unpublished).

---

[1] Batchu cites a number of cases attesting to a district court's discretion in fashioning an equitable remedy, but none of these authorities pertain to discovery. *See* Motion at 2-3 n.1. Since they do not pertain to discovery, the cases cited by Batchu obviously fail to make the larger point advanced by Batchu that his request for discovery should not be governed by Rule 6's "good cause" standard.

In *Velazquez-Rivera v. United States*, the petitioner's ineffective assistance of counsel claim included a broad request for discovery, referring to Rules 26 to 37 of the Federal Rules of Civil Procedure. The court held that his request failed to "reflect any particularity," therefore rendering the request insufficient to establish good cause under Rule 6(b)). *Velazquez-Rivera v. United States*, 54 F. Supp. 3d 168, 170–71 (D.P.R. 2014). *See also Teti*, 507 F.3d at 60 (1st Cir. 2007) (holding that habeas proceedings should not be treated as mere fishing expeditions).

**Batchu Has Not Shown Good Cause**

As the defendant notes in his Motion, counsel for Batchu conferred with counsel for the government prior to the filing of the Motion. The government explained to defense counsel that it did not want to take a strict view of the government's discovery obligations, but it did ask more than once for some articulation of the pertinence of the electronic evidence to the claims made in this Section 2255 proceeding. After all, a habeas petition is not meant to be a wholesale re-litigation of the entire case. That articulation was never provided, and in his Motion, Batchu still fails to provide an explanation of how the electronic evidence relates to the claims he has made or he will make.

Batchu's request for discovery is weaker than even other cases where discovery was denied to habeas petitioners. In *Velazquez-Rivera*, the petitioner submitted affidavits and articulated a theory that his trial counsel had been hired and paid for by a third party and thus operated under an actual conflict of interest. 54 F.Supp.2d at 170-71. *Bader v. Warden*, 488 F.3d 483, 487-89 (1st Cir. 2007) upheld the denial of discovery to a habeas petitioner where the petitioner had identified a specific key witness and claimed that the witness had benefitted from a secret agreement. Batchu, by comparison, articulates no theory of relief, no specificity about

the information he seeks, and no connection between the requested discovery and any claim that could help him attack his conviction.

Batchu makes a general, imprecise request for electronic evidence, i.e., "electronic files and information contained on petitioner's computer," Motion at 1. Batchu says nothing about how reviewing these electronic files will illuminate the issue of whether his trial counsel was ineffective or not. The defendant claims that the government's insistence on the "good cause" standard, or at least some articulation of relevance to claims that have been or will be made, could frustrate "meaningful §2255 review," including *Brady* claims. Motion at 2. The defendant appears to misconstrue the nature of habeas proceedings, likening it to direct appellate review, a process of which Batchu has already availed himself. Simply speculating that *Brady* material may exist, unhinged to any theory of relief, falls far short of satisfying his burden under Rule 6. *See Tuesta Toro v. United States*, 2000 WL 1160442 at *5 (1st Cir. 2000) ("'mere speculation about materials in the government's files [does not require] the district court or this court under *Brady* to make the materials available for [petitioner's] inspection'") (unpublished).

**Conclusion**

The defendant's Motion to Produce should be denied.[2]

---

[2] The government notes that electronic evidence, in the form of two computers, a camera, and an electronic device, was destroyed or wiped and repurposed by the government subsequent to the entry of an order of forfeiture and affirmance of the defendant's conviction and sentence. The forfeiture of these items was part of the written plea agreement between the government and Batchu.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

 */s/ Alex J. Grant*
ALEX J. GRANT
Assistant United States Attorney
300 State Street, Suite 230
Springfield, MA 01105

**CERTIFICATE OF SERVICE**

Hampden, ss.                                  Springfield, Massachusetts
                                              April 11, 2018

    I, Alex J. Grant, Assistant U.S. Attorney, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

 */s/ Alex J. Grant*
ALEX J. GRANT
Assistant United States Attorney