UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Docket No. 10-CR-30008-MGM |
| v. ) | |
| ) | |
| MANI BATCHU, ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO MOTION FOR EVIDENTIARY HEARING**

The United States of America, by and through Andrew E. Lelling, United States Attorney for the District of Massachusetts, and Alex J. Grant, Assistant United States Attorney (the "Government"), responds to the defendant's motion for an evidentiary hearing and the defendant's memorandum filed August 20, 2020 with accompanying documents.

The Court indicated at the August 19, 2020 status conference that it was leaning toward allowing an evidentiary hearing, at least with respect to Richard Foley, the trial attorney who, according to Mr. Batchu, rendered deficient performance and operated with a conflict of interest. Mr. Batchu also requests the testimony of Dr. Renee Sorrentino, who conducted a post hoc evaluation of the defendant's dangerousness and Attorney Francis O'Brien, who has supplied a letter and original documents relating to the disputed $9500 in bail money.

The government, after having responded (Dkt. Nos. 129 & 245) in detail to the defendant's massive filings, continues to maintain that a hearing is not warranted. As the government noted in its March 17, 2020 filing, the nub of the defendant's entire claim is that Richard Foley perniciously subverted the hiring of an expert with the $9500 so that he could use that money for his attorney's fee *in the appeal*. The defendant's articulation of the theory tends to gloss over a very stubborn timing problem. In order to believe this theory, one would have to believe that:

1

- Foley's documented efforts to hire Dr. Ablow and Dr. Medoff were a sham—Foley was pretending to try to retain them, but he did not want retain them.

- Foley's motion to continue the sentencing to obtain an expert report, and his subsequent motion to reconsider the ruling on the motion to continue, were also shams, i.e., filed in the hope they would be denied.

- Foley believed that there would be an appeal that would allow him the opportunity to do appellate work and earn the $9500—even though he had negotiated a plea agreement that contained an appellate waiver for any sentence 293 months or less (the GSR was 262 to 365 months).

- Foley banked on being the attorney Batchu would hire for the appeal in the event Batchu received a sentence above 293 months.  In other words, Batchu would hire Foley for the appeal after Foley had been an unsuccessful advocate at sentencing.

Nothing elicited in an evidentiary hearing would solve this timing problem.  If Foley had pocketed the $9500 as part of his fee in the trial court instead of using the money to hire an expert, the claim might have some superficial allure.   But to claim that Foley was playing a long game of feigning interest in hiring an expert so that he might earn some fees on an eventual appeal that fell outside the appellate waiver he had negotiated is implausible in the extreme.

To the extent the Court is willing to entertain this theory at all—which would be the premise of Mr. Foley's testimony—the government agrees that Mr. O'Brien would be a necessary witness.  The defendant has suggested that Mr. O'Brien's documents and his letter explaining them could be submitted instead.  If the Court and the parties are going to go down the path of

making the timing of the release of the $9500 in bail money the central issue in this litigation, then any decision must be grounded upon more than an unexamined letter. This is especially true since Mr. O'Brien himself admits in his letter that his recollection is incomplete.

To the extent that the Court is willing to entertain Dr. Sorrentino's post hoc assessment at face value, despite the fact that the test she administered would have rendered a different score at the time of Bathu's sentencing, *see* Dkt. No. 245 at 37-38, the government should be permitted an opportunity to cross-examine Dr. Sorrentino.

                                      Respectfully submitted,

                                      ANDREW E. LELLING
                                      United States Attorney

                                      */s/ Alex J. Grant*
                                      ALEX J. GRANT
                                      Assistant United States Attorney

## CERTIFICATE OF SERVICE

Hampden, ss.                                                         Springfield, Massachusetts
                                                                              August 28, 2020

     I, Alex J. Grant, Assistant U.S. Attorney, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                        */s/ Alex J. Grant*
                                        ALEX J. GRANT
                                        Assistant United States Attorney